## UNITED STATES v. SCHWARTZ.

(Circuit Court of Appeals, Third Circuit. November 17, 1921.)

No. 2735.

1. **Intoxicating liquors ⟨⟩238(1)—Whether defendant manufactured intoxicating beverage after prohibition went into effect held for jury.**

    In a prosecution for manufacturing intoxicating liquors, consisting of a mixture of alcohol, coloring and flavoring extracts, whether such liquor was manufactured before or after the 16th of January 1920, when the Volstead Act became effective, *held* for the jury.

2. **Criminal law ⟨⟩1056(1)—No reversal for defect in instruction in absence of exception.**

    In a prosecution for manufacturing intoxicating liquor, error of the court in stating as a fact that defendant had the component parts of the

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

manufactured liquor in his cellar was not prejudicial so as to require a reversal, where no exception was taken before the jury retired, as the objection must be considered as waived.

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Joseph Schwartz was convicted of manufacturing intoxicating liquor in violation of the National Prohibition Act, and brings error. Affirmed.

J. Vincent Barnitt and Wm. V. Rosenkrans, both of Paterson, N. J., for plaintiff in error.

Isaac Gross, of Jersey City, N. J., and Elmer H. Geran, of Asbury Park, N. J., for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

THOMPSON, District Judge. The plaintiff in error was convicted upon an information charging that on or about May 24, 1920, in violation of the National Prohibition Act (Act Oct. 28, 1919, c. 85, 41 Stat. 305), he manufactured a quantity of intoxicating liquor, to wit, alcoholic liquor containing more than one-half of 1 per cent. of alcohol, and fit for use for beverage purposes.

At the trial there was evidence on behalf of the government that on May 20, 1920, the defendant was seen arriving in front of his house in an automobile, and that two burlap bags each containing a square can were taken from the car into the house; that on May 24, he was arrested when seen coming out of his house carrying two burlap bags each containing a square five-gallon can; that each of the cans was found to contain colored alcohol which the defendant, upon being interrogated, said was whisky; that in the defendant's house were found a wash boiler, two quart measures, ten five-gallon cans containing alcohol uncolored and unflavored, bottles containing flavoring extracts of whisky, cognac, and gin, and one bottle of burnt sugar or caramel in liquid form; that the liquor in the cans the defendant was carrying when arrested consisted of 88 proof alcohol, colored with caramel and fit for use for beverage purposes.

[1] The jury, therefore, had before it evidence that showed the presence in the house of materials which added to the alcohol would make a compound fit for use as an intoxicating beverage and that the contents of the cans the defendant was carrying when arrested could be made from the component parts found in his house. The jury could draw the inference from the evidence that the empty cans carried into the house on May 20 were carried out on May 24 containing the result of a mixture of ingredients similar to those contained in receptacles found in the house.

The defendant offered no evidence, and his attorney moved for the direction of a verdict of acquittal upon the ground that the government had failed to establish that the defendant manufactured at any date subsequent to the 16th of January, 1920, when the Volstead Act (Act Oct. 28, 1919, c. 85, 41 Stat. 305) became effective.

The trial judge upon request of the attorney for the defendant charged the jury that, to convict, they must find the manufacture occurred subsequent to January 16, 1920, and, if they found that the defendant did manufacture the liquor prior to January 16, 1920, he would not be guilty of the offense charged. The defendant's motion for a directed verdict was denied.

We find no error in submitting the case to the jury.

[2] An assignment of error is based upon the statement of the trial judge in his charge to the jury that the component parts of manufactured liquor were found in the cellar of the defendant's house, when, in fact, there was no evidence that they were found in the cellar. If the attention of the trial judge had been called to the statement before the jury retired, it would no doubt have been corrected, but no exception was taken. The purpose of taking exception to parts of the charge before the jury retires is so well known as to require no discussion. If the statement was not considered sufficiently important or prejudicial at the time to be made the subject of an exception, objection to it must be considered as waived, and it is held no ground for reversal after verdict.

We discover no substantial error in the other assignments, and the judgment is affirmed.